UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| IN RE: <br><br> CHLOE COLLINS-RUSSELL, <br><br>     Debtor. | Chapter 7 <br><br> Bk. No. 17-83060-CRJ7 |
|---|---|
| CHLOE COLLINS-RUSSELL, <br><br>     Plaintiff, <br><br> v. <br><br> THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE d/b/a HUNTSVILLE HOSPITAL HEART CENTER, <br><br>     Defendant. | Adv. Case No. 20-80168-CRJ |

### DEFENDANT THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE d/b/a HUNTSVILLE HOSPITAL HEART CENTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARIAL COMPLAINT

Defendant, The Healthcare Authority of the City of Huntsville d/b/a Huntsville Hospital Heart Center answers Plaintiff's Adversary Complaint ("Complaint") as follows:

**COMPLAINT**

No response is required to Plaintiff's opening paragraph.

**Parties, Jurisdiction, and Nature of Action**

1.    Admitted.

2.    Admitted.

3.      Defendant admits the allegations in first four sentences of paragraph 3 of the Complaint. Defendant denies the remaining allegations in paragraph 3.

4.      The allegations of this paragraph contain conclusions of law to which no response is required. To the extent an answer is required, denied.

5.      Defendant admits the allegations in the first paragraph. In response, to the second paragraph, Defendant admits that certain damages are allowable under 11 U.S.C. § 362 for violations of the automatic stay. Except as expressly admitted, the allegations in paragraph 5 of the Complaint are denied.

### Claim — Violation of the Automatic Stay

6.      Defendant incorporates each and every response to the preceding paragraphs as if set forth herein.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Defendant admits the allegations in paragraph 10 of the complaint but denies that its actions violate 11 U.S.C. § 362. More specifically, Defendant shows that the maintenance of the judicial lien does not constitute "the commencement or continuation of a judicial proceeding" or an act "to create, perfect, or enforce" a lien.

11.     Admitted.

12.     Defendant admits sentences 1-6 and 10 of the first paragraph of paragraph 12. While not specifically denying the remaining allegations in the first paragraph of paragraph 12, Defendant is without sufficient knowledge/information to admit or deny those allegations. Defendant admits the allegations in the second paragraph of paragraph 12.

2

13. Admitted.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint. Accordingly, such allegations are denied.

15. Denied.

16. Defendant admits that certain damages are allowable under 11 U.S.C. § 362 for violations of the automatic stay. Defendant denies systematically abusing the automatic stay. Defendant denies that it has violated the automatic stay "with impunity and with complete disregard for the Federal Law and the orders of this honorable Court" as alleged in paragraph 16 of the Complaint. Defendant further denies that it has intentionally misled the Court through the affidavit of Chris Rush as alleged in Plaintiff's Complaint. The remaining allegations of paragraph 16 are conclusions of law to which no response is required. To the extent an answer is required to those remaining allegations, denied.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17 of the Complaint. Accordingly, all such allegations are denied.

**WHEREFORE,** Defendant requests that this Court award judgment in favor of Huntsville Hospital d/b/a Huntsville Hospital Heart Center, and against Plaintiff, together with costs, attorneys' fees and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Defendant alleges the following defenses without assuming the burden of proof where such burden is otherwise on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of physical injury are barred by the principles of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and its prodigy. Defendant demands strict medical proof of Plaintiff's claims of medical injury.

## THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses upon further particularization of Plaintiff's claims and upon discovery of further information concerning Plaintiff's alleged claim and upon the development of other pertinent information.

Respectfully submitted, this the 19th day of January, 2021.

*S/Andrew M. Townsley*
Daniel F. Beasley
Andrew M. Townsley
LANIER FORD SHAVER & PAYNE, P.C.
2101 W. Clinton Avenue, Suite 102
Huntsville, AL 35805
Telephone: (256) 535-1100

*S/Tracy A. Marion*
Tracy A. Marion
CHARLES RAY, P.C.
200 West Side Square, Suite 50
Huntsville, AL 35801
Telephone: (256) 945-0944

Attorneys for Defendant The Health Care Authority of the City of Huntsville d/b/a Huntsville Hospital Heart Center

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed this 19th day of January 2021, via CM/ECF, which will electronically notify all counsel of record. I do certify that a copy of the foregoing was emailed to Plaintiff's counsel at the following:

John C. Larsen, Esq.
Larsen Law P.C.
1733 Winchester Road
Huntsville, AL 35811
john@jlarsenlaw.com

*S/Andrew M. Townsley*
OF COUNSEL

5

Case 20-80168-CRJ    Doc 4    Filed 01/19/21    Entered 01/19/21 15:47:30    Desc Main
Document    Page 5 of 5